# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT P. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 10-cv-01644 |
| | ) | |
| v. | ) | |
| | ) | |
| GIANT EAGLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court for disposition is the CONSOLIDATED PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE, with brief in support, filed by Defendant, Giant Eagle, Inc. (Document Nos. 5-1, 5-2, and 9), the RESPONSE and BRIEF IN OPPOSITION filed by Plaintiff, Robert P. Smith (Document Nos. 14 and 16, respectively), and the REPLY BRIEF filed by Defendant, Giant Eagle, Inc. (Document No. 18). For the reasons that follow, the Partial Motion to Dismiss will be granted in part and denied in part and the Motion to Strike will be granted.

### FACTUAL BACKGROUND

Because this matter comes before the Court on a Rule 12(b)(6) Motion to Dismiss, the factual allegations set forth in Plaintiff's Complaint are accepted as true. *Hemi Group, LLC v. City of N.Y.,* -- U.S. ---, 130 S.Ct. 983, 986-87 (2010). The pertinent facts are as follows:

Giant Eagle hired Plaintiff, a white male, as a "floating" pharmacist in April 2007. At the time of his hire, Plaintiff was 54 years of age. Smith openly used smokeless tobacco while performing his duties as a pharmacist. On July 30, 2009, Giant Eagle informed Plaintiff that his employment was terminated due to his open use of chewing tobacco while performing services as a licensed pharmacist for Giant Eagle.

1

On December 9, 2010, Plaintiff filed the instant three-count Complaint against Giant Eagle in which he alleges that his employment was unlawfully terminated in violation of the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"). Specifically, Plaintiff alleges that his termination "for the use of smokeless tobacco was merely a pretext for terminating Mr. Smith based on his age, 56 years, and his gender, male, so that newly hired young female pharmacists could fill his position." Complaint, at ¶ 15(E).

## STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' " *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Fowler v. UPMC Shadyside*, 578 F.2d 203, 210 (3d Cir. 2009) and Fed. R. Civ. P. 8(a)(2) (providing that a valid complaint requires only "a short and plain statement of the claim" showing entitlement to relief.) In *Iqbal*, the United States Supreme Court clarified that the decision in *Twombly* "expounded the pleading standard for 'all civil actions.' " *Iqbal*, 129 S. Ct. at 1953; *Fowler,* 578 F.3d at 210-11. The Supreme Court further explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted. *Iqbal*, 129 S. Ct. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (*citing Twombly*, 550 U.S. at 555). The United States Court of Appeals for the Third Circuit expounded on this standard as follows:

2

> After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqba*l emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly*, 505 U.S. at 555, & n.3.

*Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). In light of *Iqbal,* the *Fowler* court then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim. First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint. *Fowler*, 578 F.3d at 210-11. Next, the court must consider whether the facts alleged in the Complaint sufficiently demonstrate that the plaintiff has a "plausible claim for relief." *Id.* at 211. To survive a motion to dismiss, a complaint must show an entitlement to relief through its facts. *Id*. (*citing Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008).

The determination of whether a complainant has sufficiently pled a claim "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (*citing Twombly*, 550 U.S. at 556). Ultimately, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.

**DISCUSSION**

A.  <u>Age Discrimination Claims under the ADEA[1]</u>

Defendant argues that Plaintiff's age discrimination claims are barred by the United States Supreme Court's recent decision in *Gross v. FBL Financial Servs.*, --- U.S. ---, 129 S. Ct. 2343 (2009) and, therefore, should be dismissed for failure to state a claim upon which relief can be granted. According to Defendant, the Supreme Court decision in *Gross* bars Plaintiff from asserting discrimination based on both age and gender in the same action. In *Gross*, the Supreme Court interpreted ADEA language requiring that adverse employment decisions be "because of [an] individual's age." *Gross*, 129 S.Ct. at 2350 (citing 20 U.S.c. 623(a)(1)). A plaintiff can no longer establish discrimination under the ADEA by "showing that age was simply a motivating factor," but rather must show that "age was the 'but-for' cause of the employer's adverse action." *Id.* at 2349, 2351. Defendant contends that this ruling precludes Plaintiff in this case from asserting multiple discrimination claims in the same action, since such inconsistent theories undermine the existence of but-for causation.

The Court finds Defendant's argument to be unpersuasive. First, while the *Gross* decision articulated the proper standard of proof to be applied under the ADEA, there is nothing to suggest that the Supreme Court intended for this standard to apply at the pleading stage. *See Prisco v. Methodist Hospital*, No. 10-cv-3141, 2011 WL 1288678 (E.D. Pa., April 4, 2011); *Lapcevic v. Strive Enterprises, Inc.,* No. 09-cv-564, 2010 WL 1816752 (W.D. Pa. April 8, 2010). Notably while some courts which have faced this issue on summary judgment have precluded plaintiffs from pursuing alternate theories, all of the cases which have addressed the issue at the

---

[1] In Count III of his Complaint, Plaintiff also alleges age discrimination under the Pennsylvania Human Relations Act ("PHRA"). Pennsylvania courts generally interpret the PHRA in accordance with its federal counterparts. Like the ADEA, the PHRA prohibits discrimination "because of" age. 43 PS. § 955(a). Because the federal age discrimination claim has survived the motion to dismiss, the same result applies to the PHRA age claim.

4

pleading phase have concluded that *Gross* should not affect Federal Rules of Civil Procedure 8(d)(2) and (3), which allow the pleading of alternative and inconsistent claims. Thus, the Court finds and rules that the *Gross* decision does not bar plaintiff from claiming multiple types of discrimination at this early stage of the litigation. Therefore, Defendant's Motion to Dismiss the age discrimination claims will be denied.

B.  Harassment / Hostile Work Environment Claim Under Title VII[2]

From a reading of the Complaint, it appears that Plaintiff's gender-based harassment / hostile work environment claim is premised on a single allegation that a "hostile work environment was created by a female dominated Giant Eagle pharmacy system that treated females more favorably than males" and that this "hostile work environment [was] caused by resentment, based on [Plaintiff's] willingness to come to work early, for which Smith did not charge Giant Eagle for this extra time, and stay late, filling prescriptions and cleaning the pharmacy, time that he did not bill Giant Eagle. Female employees in the pharmacy area did not work the same hours for free, they were not expected to carry out the same work assignments as Smith and other male employees." *See* Complaint, Paragraphs 11 and 15(F).[3]

---

[2] The motion to dismiss only seeks to dismiss the gender-based harassment / hostile work environment claim alleged by Plaintiff. Defendant has filed a Partial Answer in which it responded to Plaintiff's gender claims of wrongful termination.

[3] Plaintiff also alleges that Giant Eagle's actions post-termination constituted "harassment." For example, Plaintiff alleges that after his termination on July 30, 2009, Giant Eagle continued its harassment and discrimination "by failing to provide him with any information, paperwork or other materials for federal COBRA health insurance within thirty (30) days of termination as required by law, " Complaint, at ¶ 18 (A) – (E), and that "Giant Eagle failed to provide Smith with information regarding his savings plan, pension and other information for a period in excess of four months after his unlawful termination." Complaint at ¶ 19. Such post-discharge conduct cannot serve as a basis of a complaint of "harassment," which requires a showing that the "terms and conditions of employment" are affected by unlawful discrimination.

5

Defendant asserts that Plaintiff cannot sustain his cause of action for hostile work environment because he has not pled facts which establish a level of actionable harassment. In order to establish a hostile work environment claim, Plaintiff must plead facts to demonstrate that the workplace was permeated with discriminatory intimidation, ridicule, and insult, sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993).

In determining whether a work environment is sufficiently hostile, the Court must consider the totality of the circumstances, including: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it reasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23. Conduct that is "merely offensive," or which has the effect of making the employee's life at work merely unpleasant or uncomfortable is, without more, not actionable. *Id.* at 21.

Here, the Court finds that Plaintiff has failed to reach the pleading standard articulated in *Iqbal* and *Fowler* that he set forth facts that state a plausible claim for relief. The allegations of harassment contained in the Complaint are conclusory and do not amount to circumstances that a reasonable person would view as abusive. Plaintiff alleges that he and other males were "expected" to work "extra time" by staying late and arriving early. *See* Complaint, ¶¶ 15F, 30B.[4] This is not sufficient to rise to the level of an abusive work environment. Because the conduct

---

[4] Plaintiff appears to argue that his allegations that his termination was based on the hiring by Giant Eagle of approximately 40 new pharmacy graduates, the vast majority of whom were female, and signing these new graduates to long-term contracts and paying them substantial signing bonuses, further supports his harassment claim. *See* Brief in Opposition at 11. In fact, Paragraph 16(c) of the Complaint specifically states that "Giant Eagle's termination of Smith was to allow replacement of an older male employee with a younger female pharmacist." It appears to the Court, therefore, that these allegations properly support Plaintiff's ADEA and gender claims of wrongful termination, not Plaintiff's gender harassment claim.

alleged is neither severe nor pervasive, Defendant's Motion to Dismiss the harassment / hostile work discrimination claims will be granted and such claims will be dismissed.

C.  Leave to Amend

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity to amend even if the plaintiff does not seek leave to amend and must inform the plaintiff that he or she has leave to amend the complaint within a set period of time. *See Grayson v. Mayview State Hosp.*, 293 F.3d 102 (3d Cir. 2002). The district court may dismiss the action if the plaintiff does not file an amended complaint within that time, or if the plaintiff files a notice of his or her intent to stand on the complaint as filed.

Accordingly, Plaintiff will be granted leave to amend his Complaint if he so chooses. If Plaintiff chooses to file an amended complaint, he should plead sufficient facts to state a gender-based harassment / hostile work environment claim.

D.  Motion to Strike

Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters that will not have any possible bearing on the outcome of the litigation. "Immaterial matter is that which has no essential or important relationship to the claim for relief." *Del. Health Care Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291–92 (D.Del. 1995). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* A "scandalous" matter or pleading is one that casts a

7

derogatory light on someone, uses repulsive language, or detracts from the dignity of the court. *Carone v. Whalen*, 121 F.R.D. 231, 232 (M.D. Pa. 1988).

The gravamen of Plaintiff's Complaint is that he was unlawfully terminated based on his age and gender. Complaint, at ¶¶ 6, 11, 15(E), 16(C), 17, and 21. However, throughout the "Factual Background" of the Complaint, Plaintiff has made multiple references to alleged practices of Giant Eagle which allegedly constitute "insurance fraud" and that he refused to participate in such "unlawful acts." *See* Complaint at ¶¶ 11, 12, 13, 14, 21 (second), and 30.

After a careful review of the Complaint, the Court finds that the allegations contained therein which relate to alleged "insurance fraud" are immaterial as they have no essential or important relationship to the claims for relief, are impertinent as they contain statements that do not pertain, and are not necessary, to the issues in question, namely age and gender claims, and amount to scandalous matter as they "improperly cast[] a derogatory light" on the defendant. Therefore, the Court shall strike paragraphs 11, 12, 13, 14, 21 (second), and 30 of the Complaint.

## CONCLUSION

For the reasons hereinabove stated, the Partial Motion to Dismiss filed by Defendant will be granted in part and denied in part, and the Motion to Strike filed by Defendant will be granted. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBERT P. SMITH, | ) | |
|---|---|---|
| Plaintiff, | ) | 2: 10-cv-01644 |
| v. | ) | |
| GIANT EAGLE, INC., | ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 4th day of May, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Partial Motion to Dismiss and Motion to Strike filed by Defendant is **DENIED IN PART** and **GRANTED IN PART** as follows:

(i) Defendant's request to dismiss Plaintiff's age discrimination claims is **DENIED**;

(ii) Defendant's request to dismiss Plaintiff's gender harassment / hostile work environment claims is **GRANTED**; and

(iii) Defendant's request to strike Plaintiff's allegations of "insurance fraud" is **GRANTED**. Paragraphs 11, 12, 13, 14, 21 (second), and 30 of the Complaint (Document No. 1) are **STRICKEN** as immaterial, impertinent, and scandalous pursuant to Federal Rule of Civil Procedure 12(f).

It is further **ORDERED** that on or before **May 18, 2011,** Plaintiff may file an Amended Complaint to correct the noted deficiencies in his original complaint or file a notice of intent to stand on the current complaint.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: John C. Brzustowicz, Esquire
Brzustowicz & Marotta, PC
Email: bmmlaw@brzmar.com

Beth M. Henke, Esquire
Marcus & Shapira
Email: henke@marcus-shapira.com

Elly M. Heller-Toig, Esquire
Marcus & Shapira
Email: ehtoig@marcus-shapira.com

Susan Gromis Flynn, Esquire
Marcus & Shapira
Email: sgflynn@marcus-shapira.com